**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **DIANE NOLTE** | |
| **Plaintiff,** | |
| **v.** | **1:07-cv-1699-WSD** |
| **BELLSOUTH TELECOMMUNICATIONS, INC. and BELLSOUTH CORPORATION,** | |
| **Defendants.** | |

## OPINION AND ORDER

This matter is before the Court on Defendant BellSouth Communications, Inc. and BellSouth Corporation's (collectively, "Defendants") Motion to Dismiss [27].

## I.    BACKGROUND

This case is the second litigation brought before this Court by Plaintiff Diane Nolte ("Nolte"), seeking benefits from the BellSouth Short Term Disability Plan (the "STD Plan"), the BellSouth Long Term Disability Plan for Non-Salaried Employees (the "LTD Plan"), and the BellSouth Pension Plan (the "BSP Plan")

(collectively, "the Plans"). The Plans are all governed by the Employee

Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq.

In a previous case before this Court, Civil Action No. 1:06-cv-762

("Nolte I"), Nolte brought claims of breach of fiduciary duty under ERISA

§ 502(a)(3), 29 U.S.C. § 1132(a)(3), against a group of defendants, including the

Defendants in the present litigation, the Plans, and several entities and individuals

involved in the administration of the Plans.

Nolte is a former employee of Defendant BellSouth Telecommunications,

Inc., which is a wholly owned subsidiary of Defendant BellSouth Corporation.[1]

Defendant BellSouth Corporation sponsors the Plans, in which Nolte was a

participant.

In Nolte I, Nolte alleged that she became disabled under the STD Plan

around April 17, 2003. BellSouth paid Nolte benefits under the STD Plan from

April 17, 2003 through July 16, 2003. Nolte alleged that BellSouth improperly

denied her benefits beginning on July 17, 2003. Nolte appealed the denial of

benefits decision according to the terms of the STD Plan. The appeal was denied,

---

[1] BellSouth Corporation recently was acquired by AT&T. There is no indication that the acquisition impacted the terms or administration of the Plans in a manner meaningful to this case.

but it was determined that Nolte should receive further benefits from November 18, 2003 through January 6, 2004.  Nolte was ultimately awarded benefits for approximately twenty weeks of disability.

Nolte also alleged that Defendants improperly denied her pension disability benefits under the BSP Plan.  In May of 2005, Nolte appealed the denial of her pension benefits.  On August 8, 2005, Nolte's appeal for denial of benefits under the BSP Plan was denied because she had not first received the required 52 weeks of benefits under the STD Plan.

On April 3, 2006, Nolte filed the Nolte I suit in this Court, asserting two counts of breach of fiduciary duty under ERISA § 502(a)(3), 29 U.S.C. § 1132(a)(3).  Nolte claimed that the Plan administrators breached their fiduciary duty by improperly defining "disability" in a way that denied benefits to her and other Plan participants.  Nolte demanded equitable relief, including specifically reopening the Plans for reconsideration of benefits denials, including hers, caused by the improper definition of "disability."

On January 11, 2007, this Court issued an Order dismissing Nolte's claims in their entirety (the "January 11 Order").  Relying on Varity Corp v. Howe, 516 U.S. 489, 512 (1996), Katz v. Comprehensive Plan of Group Insurance, 197 F.3d

1084 (11th Cir. 1999), and <u>Jones v. American General Life & Accident Insurance</u> <u>Co.</u>, 370 F.3d 1065 (11th Cir. 2004), which firmly establish the legal principle that a plaintiff cannot proceed with a breach of fiduciary duty claim under 29 U.S.C. § 1132(a)(3) if the allegations would also support a cause of action for an award of individual benefits under § 1132 (a)(1)(B).  The Court held that Nolte's claims could only "state a cause of action for wrongful denial of benefits under Section 1132(a)(1)(B)."  (January 11 Order at 14.)  Because Nolte did not assert a cause of action under § 1132 (a)(1)(B), the Court dismissed her claims.[2]

At the close of the January 11 Order, the Court addressed a statement in the next to last sentence of Nolte's responsive brief: "if this Court were to agree with the Defendants arguments and dismiss the complaint in its entirety, Plaintiff requests leave to amend the complaint."  The Court responded to this request as follows:

> Plaintiff makes an offhand remark, in the conclusion of
> her Response to Defendants' Motion to Dismiss, that she
> would like to amend her Complaint if the Court dismisses
> her claims.  She does not indicate the amendment she is
> considering.  The Court has dismissed all of Plaintiff's

---

[2] The Court noted, "Plaintiff's appropriate remedy under ERISA is a claim for benefits under § 1132(a)(1)(B)–not a claim under the catchall provision of § 1132(a)(3)." (<u>Id.</u>)

> claims, and there is no remaining Complaint for Plaintiff
> to amend.  If Plaintiff wants to assert other claims, she
> may do so in a new action.

(January 11 Order at 19, n.11.)

On April 30, 2007, Nolte filed the present case in our sister district, the Northern District of Alabama.  The present suit ("Nolte II") is based on the same facts as Nolte I, including the same alleged denials of benefits based on the same allegedly incorrect definition of "disability."  The present complaint repeats verbatim portions of the allegations in Nolte I.  Nolte now alleges that Defendants' actions constitute a wrongful denial benefits under 29 U.S.C. § 1132(a)(1)(B) and that Defendants breached their duty of care under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2) in administrating the STD Plan.

On July 20, 2007, Judge Johnson of the Northern District of Alabama transferred Nolte II to this Court.  Judge Johnson noted, "[t]he claims asserted in this action are based upon the same facts as the claims asserted by the plaintiff in Nolte I. Judge Duffey has already addressed . . . substantially the same issues and the same parties as are involved in this present action.  Further . . . Nolte I may have a preclusive effect on this action . . ."

-5-

After <u>Nolte II</u> was transferred to this Court, Defendants filed a motion to dismiss.[3]  Defendants claim that Nolte's claims are barred by *res judicata*. Defendants also argue that Nolte fails to state a viable claim under § 1132(a)(2). Nolte argues the footnote in the January 11 Order responding to her vague request to amend operated as a judicial reservation of her right to file new claims, excepting the complaint in <u>Nolte II</u> from *res judicata*.  For the reasons set forth below, the Court finds that Nolte's claims are barred in their entirety by *res judicata* and that Nolte's § 1132(a)(2) claims are otherwise required to be dismissed.

## II.   **DISCUSSION**.

Dismissal of a complaint is appropriate only when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action.  <u>Marshall County Bd. of Educ. v. Marshall County Gas Dist.</u>, 992 F.2d 1171, 1174 (11th Cir. 1993).  "Although a plaintiff is not held to a very high standard in a motion to dismiss for failure to state a claim, some minimal pleading

---

[3]  Defendants' Motion to Dismiss was originally filed in the Northern District of Alabama, which denied it as moot when it transferred the case.  The Northern District of Alabama did not decide the Motion to Dismiss on the merits. Defendants refiled their motion in this Court after the transfer order was processed.

standard does exist." Wagner v. Daewoo Heavy Indus. Am. Corp., 289 F.3d 1268,

1270 (11th Cir.), *rev'd on other grounds*, 314 F.3d 541 (11th Cir. 2002) (en banc).

"To survive a motion to dismiss, plaintiffs must do more than merely state legal

conclusions; they are required to allege some specific factual bases for those

conclusions or face dismissal of their claims." Jackson v. BellSouth Telecomms.,

372 F.3d 1250, 1263 (11th Cir. 2004) ("[C]onclusory allegations, unwarranted

deductions of facts or legal conclusions masquerading as facts will not prevent

dismissal.") (citations omitted).

    A.    *Res Judicata*

    Defendants first argue that Nolte's entire complaint is barred by *res judicata*.

The Supreme Court "has long recognized that public policy dictates that there be

an end to litigation; that those who have contested an issue shall be bound by the

result of the contest, and that matters once tried shall be forever settled between the

parties. Federated Dept. Stores v. Moitie, 452 U.S. 394, 398 (1981) (quotation and

citation omitted). "The doctrine of *res judicata* . . . will bar a subsequent action if:

(1) the prior decision was rendered by a court of competent jurisdiction; (2) there

was a final judgment on the merits; (3) the parties were identical in both suits; and

(4) the prior and present causes of action are the same." Davila v. Delta Airlines,

Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (quotation omitted). *Res judicata*

"pertains not only to claims that were raised in the prior action, but also to claims

that could have been raised previously." Id.  In other words, to determine whether

the prior and present causes of action are the same, the Court looks not to the

formal claims asserted, but rather to whether the actions "arise out of the same

nucleus of operative fact, or [are] based upon the same factual predicate." In re

Piper Aircraft Corp., 244 F.3d 1289, 1297 (11th Cir. 2001) (quotation and citation

omitted). *Res judicata* "prevents splitting of a single cause of action and the use of

several theories of recovery as the basis for separate suits." Hartsel Springs Ranch

of Colo., Inc. v. Bluegreen Corp., 296 F.3d 982 (10th Cir. 2002) (citation and

quotation omitted).

The parties do not dispute that the present action meets all four criteria and

would typically be barred as *res judicata* by this Court's January 11 Order.  The

claims in both Nolte I and Nolte II present federal questions that this Court has

competent jurisdiction to resolve.  The Court's January 11 Order dismissed Nolte's

claims and constituted a final judgment on the merits.  See Federated Dep't Stores,

452 U.S. at 399 n.3.  Nolte and the Defendants in the present suit were parties to

Nolte I.  Finally, the claims in the present suit arise out of the same nucleus of

operative fact as <u>Nolte I</u>, concerning the same Plans, the same issues of interpretation, and the same claims for denial of benefits.

Nolte does not deny that the present suit would ordinarily be barred by *res judicata*.  She argues instead that the January 11 Order reserved her right to proceed with a new case.  The Restatement (Second) of Judgments states: "part or all of the claim subsists as a possible basis for a second action by the plaintiff against the defendant" when "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action . . . ."  Restatement (Second) of Judgments § 26 (1982).  Courts typically reserve plaintiff's right to file subsequent suits by dismissing the first claim "without prejudice."  "A determination by the court that its judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record . . . should ordinarily be given effect in the second action." <u>Id.</u>  at cmt. A.  The words "without prejudice," are not, however,  talismanic.  Courts can reserve a plaintiff's right to split claims through "a less formal method," and any "clearly expressed intent . . . should suffice" to reserve the right to file.  18 Charles Alan Wright & Arthur R. Miller, <u>Federal Practice & Procedure</u>, § 4413 (2d ed. 1987).

In the present case, Nolte argues that a footnote at the end of the Order reserved her right to assert new claims.  The footnote states:

> Plaintiff makes an offhand remark, in the conclusion of her Response to Defendants' Motion to Dismiss, that she would like to amend her Complaint if the Court dismisses her claims.  She does not indicate the amendment she is considering.  The Court has dismissed all of Plaintiff's claims, and there is no remaining Complaint for Plaintiff to amend.  If Plaintiff wants to assert other claims, *she may do so in a new action*.

(January 11 Order at 19, n.11) (emphasis added).

The Fifth Circuit addressed a similar set of facts in <u>King v. Provident Life and Acc. Ins. Co.</u>, 23 F.3d 926 (5th Cir. 1994).  In that case, a district court judge granted summary judgment in favor of defendants in an ERISA case alleging denial of benefits.  In the order granting summary judgment, the court noted that plaintiffs raised a new claim for inadequate conversion coverage opportunity in their response to the defendants' summary judgment motion.  The court noted that although the new claim presented genuine issues of material fact:

> [T]his claim was raised by Plaintiffs only through their Responses to Defendants' Motions and has never been made a part of the Complaint through an amendment. These Responses were filed well after the September 4, 1990, deadline established in the Scheduling Order for amendments to the pleadings. The Court therefore cannot, in the interests of justice, allow the Plaintiffs to

-10-

> amend the Complaint at this late date.  Accordingly, this
> claim is not properly before the Court at this time and
> cannot bar the granting of judgment in Defendant's favor
> as to all claims properly asserted in this lawsuit.
> Plaintiffs, of course, retain their right to file another
> lawsuit with regard to this claim.

King v. Provident Life & Acc. Ins. Co., Civ. Action No. J90-0272(B) (S.D. Miss., June 3, 1991).

Plaintiffs filed a subsequent suit, which was dismissed on summary judgment as barred by *res judicata*.  Plaintiffs appealed the ruling, arguing that the district judge had expressly reserved their right to file the claim.  Defendants argued that the statement claimed to be a reservation was merely dicta.

The Fifth Circuit reversed the finding of *res judicata*, holding that the district court had expressly reserved plaintiffs' right to file a new suit.  The court held that because the district judge "may have predicated his refusal to amend the complaint upon the availability of a second suit on the inadequate conversion coverage issue, the statement cannot be viewed merely as dictum."  King, 23 F.3d at 929.  The court further noted that the "failure to seek reconsideration or appeal strengthens the finality of the reservation, rather than the judgment alone."  Id.

The present case is different from King.  This Court did not predicate its refusal to amend Nolte's complaint on the availability of a second suit.  The Court

refused to amend Nolte's complaint because Nolte's offhanded request for leave to amend did not specify what claims she sought to add to her complaint, making it impossible for the Court to determine whether any amendment should be allowed. The Court intended only to notify Nolte that her generalized request for open-ended leave to amend was insufficient.  It did not intend to reserve for her a right to file new unidentified and unarticulated claims that would otherwise be barred by *res judicata*.[4]

In <u>King</u>, the district court identified a particular claim and granted permission to the plaintiff to bring a new action with regard to that particular claim.  The reservation of rights was express because it was clear and specific.  The footnote in the January 11 Order, by contrast, does not expressly reserve any rights for Nolte.  The footnote does not identify a specific claim that would otherwise be barred and grant Nolte permission to assert it.  The January 11 Order simply points out that Nolte had not proposed any actual amendment to her complaint, and, in any case, no further complaint existed for the Court to amend.  The Court could not

---

[4] If Nolte believed the footnote reserved her right to file otherwise barred claims, it would have been logical to file <u>Nolte II</u> in this Court.  Instead, she initiated <u>Nolte II</u> in the Northern District of Alabama.  The Court finds Nolte's choice of forum suggestive of her actual belief regarding whether the footnote constituted a reservation of rights.

reserve Nolte's right to assert other claims for the same reason it could not grant

her vague motion to amend–the Court did not know what claims Nolte anticipated

asserting.  The footnote accordingly apprises Nolte of her right to file whatever

claims she may believe she has.  The footnote does not relieve Nolte of the burden

of *res judicata* merely by stating an obvious, black-letter law reminder of

plaintiffs' rights.  See Trustmark Ins. Co. v. ELSU, Inc., 153 F. Supp. 2d 1322,

1331 n.10 (M.D. Fla. 2001) (while the court "did not specifically foreclose on the

possibility that [plaintiff] could file a subsequent suit based on its additional

claims, the reverse implication that [plaintiff] *would* be allowed to bring a

subsequent suit is ill-founded.")

Further, Nolte II is not merely an effort to "follow[] the instructions of the

District Court to file other claims under a new action."  (Pls. Resp. at 4.)  Nolte

instead attempts to relitigate her claims from Nolte I in precisely the manner

forbidden by *res judicata*.  Nolte expressly stated in response to Defendants'

Motion to Dismiss in Nolte I that "[t]he Complaint *does not* assert a claim for

benefits under . . .§ 1132(a)(1)(B). . . ."  (Nolte I, Pls. Resp. at 4.)  Nolte argued

that the Defendants' Motion to Dismiss attempted to force her to proceed under

§ 1132(a)(1)(B) to "limit the rulings of this Court to just Ms. Nolte's claim, thus

-13-

requiring thousands of BellSouth employees to pursue individual actions despite their being *one common breach*."  (Id. at 5.)  Nolte emphatically chose to resist the Motion to Dismiss her class-action claims and expressly refused to amend her complaint to add individual claims under § 1132(a)(1)(B), even after those individual claims were admitted to be valid by Defendants.  Nolte deliberately pursued an "all or nothing" litigation strategy that would result in relief for the entire class of Plan participants denied benefits, or relief for no one.  As part of that strategy, Nolte expressly abandoned her potential individual claim under § 1132(a)(1)(B).  She now must live with her strategic decision.  See Smith v. Zant, 887 F.2d 1407, 1438 (11th Cir. 1989) ("The argument . . . may well have merit.  It was not, however, briefed or argued before this court, apparently having been abandoned by the state. We need not and ought not resurrect it now."); CBS Broadcasting v. EchoStar Comm. Corp., 450 F.3d 505, 523 (11th Cir. 2006) ("it is not normally the place for courts to second-guess the strategic decisions of counsel . . . .")

All the requirements for *res judicata* are met in this case.  The claims of Nolte II arise from the same nucleus of facts and could have been brought in

Nolte I.  The January 11 Order did not reserve a right for Nolte to file otherwise barred claims.  The complaint is thus dismissed.

      B.    *Failure to State a Claim*

Even if *res judicata* did not apply in this case, Count II of Nolte's complaint should be dismissed because it fails to state a cause of action permissible under ERISA.  Defendants argue that Nolte cannot seek individual relief under 29 U.S.C § 1132(a)(2), which allows the Court to grant relief only on behalf of the Plan. Nolte failed to respond to Defendants' contention that Count II should be dismissed.  Pursuant to Local Rule 7.1B, the Court deems that portion of the motion to dismiss unopposed.

Count II alleges that Defendants "violated the terms of the short-term disability plan . . . in violation of 29 U.S.C. § 1104(a)(D)."  Nolte seeks equitable relief for this alleged violation pursuant to 29 U.S.C. § 1132(a)(2) "to prohibit Defendant from continuing to violate the terms of the Plan by employing the wrong definition of disability under the terms fo the short-term plan, including  . . . requiring the reopening of any and all administrative claims where the Defendant has employed the wrong definition of disability. . . ."  (Complaint at ¶ 45.)

29 U.S.C. 1132(a)(2) permits a civil action under ERISA to be brought "by the Secretary, or by a participant, beneficiary or fiduciary for appropriate relief under § 1109 of this title . . . ."  Section 1109 states:

> Any person who is a fiduciary . . .who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good *to such plan* any losses to the plan resulting from each such breach, and to restore *to such plan* any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary . . . .

29 U.S.C. § 1109(a) (emphases added).

The statute, on its face, permits only suits that seek recovery on behalf of the plan.  Section 1132(a)(2) does not authorize individual plan members to seek individualized recovery.  Section 1132(a)(2) is designed instead to protect ERISA plans as a whole from abuse by fiduciaries.  "Congress did not intend [section 1109] to authorize any relief except for the plan itself."  Massachusetts Mutual Life Ins. Co. v. Russell, 473 U.S. 134, 144 (1985).  The Eleventh Circuit has held specifically that "individualized relief for a fiduciary's breach of its duties . . . is not available" under § 1132(a)(2).  Heffner v. Blue Cross and Blue Shield of Ala., Inc., 443 F.3d 1330, 1339 (11th Cir. 2006).  For relief to be available under § 1132(a)(2), the "Plan itself must have suffered a loss."  Byars v. The Coca-Cola

<u>Co.</u>, No 1:01 1:01-cv-3124 (N.D. Ga. Mar. 18, 2004).  <u>See also</u> <u>Russell</u>, 473 U.S.

at 142.

     In the present case, although Nolte claims to seek relief "on behalf of the

[STD] Plan," she does not allege any loss to any of the Plans.  Nolte alleges, at

most, that individual plan holders were improperly denied benefits.  Nolte does not

claim that the plan administrator's misinterpretation of the term "disability"

harmed the Plans in any way.  Nolte further does not seek relief on behalf of the

Plans.  Nolte's requests seek to reopen an unspecified number of claims under the

Plans, including hers, for the purpose of disbursing further benefits to individual

Plan participants.  The relief Nolte seeks would benefit her individually, and would

not serve to compensate or strengthen the Plans.  Nolte's claim seeks individual

benefits, and thus cannot be brought under § 1132(a)(2).

### III.   CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [27] is

**GRANTED**.  This case is **DISMISSED WITH PREJUDICE**.

**SO ORDERED** this 24th day of October, 2007.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE